UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCO P. CERABONA, MD and
ANDREW MEROLA, MD,

                    Plaintiffs,

      v.

MEDLINK SERVICES, INC., MEDLINK PARTNERS,
LLC, AMRISH PATEL, MALA PATEL, and
HEMANSHU PATEL,

                  Defendants.

Civ. Action No.: 1:19-cv-03119

**<u>ANSWER</u>**

---

Defendant Hemanshu Patel ("Mr. Patel"), by and through his attorneys,

Phillips Lytle LLP, hereby answers and sets forth his affirmative defenses to the Plaintiffs'

Complaint as follows:

        1.     The allegations in Paragraph 1 contain legal conclusions to which no

response is required.  To the extent a response is deemed required, Mr. Patel denies the

allegations.

        2.     Mr. Patel is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 2 and therefore denies those allegations.

        3.     Mr. Patel admits that he is employed by Medlink Partners, LLC

("Medlink Partners") and denies the remaining allegations in Paragraph 3.

        4.     Mr. Patel is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 4 and therefore denies those

allegations.

        5.     The first sentence of Paragraph 5 contains legal conclusions to which

no response is required.  To the extent a response is deemed required, Mr. Patel denies the

allegations.  Mr. Patel is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies those allegations.

6.      Mr. Patel denies the allegations in Paragraphs 6 and 7.

7.      The allegations in Paragraph 8, including its sub-parts a through e, contain legal conclusions to which no response is required.  To the extent a response is deemed required, Mr. Patel denies the allegations.

8.      The allegations in Paragraph 9 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Mr. Patel denies the allegations.

9.      The allegations in Paragraphs 10, 11, 12, and 13 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Mr. Patel denies the allegations.

10.     Mr. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 14, 15, 16, 17, 18, 19, 20, 21, and 22 and therefore denies those allegations.

11.     The allegations in Paragraph 23 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Mr. Patel denies the allegations.

12.     Mr. Patel admits that Medlink Partners has used an office address of 284B Main Street, Spotswood, NJ 08884, but is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and therefore denies the allegations.

13.     Mr. Patel admits the allegations in Paragraph 25.

14.     Mr. Patel admits that Plaintiff, Andrew Merola, retained Medlink Partners to provide Information Technology services and denies the remaining allegations in Paragraph 26.

15.     Mr. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the allegations.

16.     The allegations in Paragraph 28 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Patel denies the allegations.

17.     Mr. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 29 and 30.

18.     Mr. Patel admits the allegations in Paragraph 31.

19.     The allegations in Paragraph 32 requires a legal conclusion to which no response is required.  To the extent a response is deemed required, Mr. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the allegations.

20.     Mr. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 33, 34, 35, 36, and 37 and therefore denies those allegations.

21.     The allegations in Paragraph 38 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Mr. Patel denies the allegations.

22.     Mr. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

23.     The allegations in Paragraphs 40, 41, and 42 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Mr. Patel denies the allegations.

24.     The allegations in Paragraphs 43 and 44 contain legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Patel denies the allegations.

25.     Mr. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 45, 46, 47, 48, 49, 50, 51, and 52 and therefore denies those allegations.

26.     Mr. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 53, 54, 55, 56, and 57 (including sub-parts a(i) through a(viii), b(i) through b(viii), c(i) through c(viii), d(i) through d(viii), and e(i) through e(viii)) and therefore denies those allegations.

27.     In response to Paragraph 58, Mr. Patel repeats his responses to the allegations in all Paragraphs above as if fully set forth herein.

28.     Mr. Patel denies the allegations in Paragraphs 59, 60, 61, and 62.

29.     The allegations in Paragraphs 63, 64, and 65 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Mr. Patel denies the allegations.

30.     Mr. Patel denies the allegations in Paragraph 66.

31.     In response to Paragraph 67, Mr. Patel repeats his responses to the allegations in all Paragraphs above as if fully set forth herein.

32. The allegations in Paragraphs 68, 69, 70, 71, and 72 contain legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Patel denies the allegations.

33. Mr. Patel denies the allegations in Paragraph 73.

34. In response to Paragraph 74, Mr. Patel repeats his responses to the allegations in all Paragraphs above as if fully set forth herein.

35. The allegations in Paragraphs 75, 76, 77, 78 and 79 contain legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Patel denies the allegations.

36. In response to Paragraph 80, Mr. Patel repeats his responses to all Paragraphs above as if fully set forth herein.

37. The allegations in Paragraph 81 are not directed to Mr. Patel and Mr. Patel is therefore not required to answer those allegations. To the extent that a response is deemed required, Mr. Patel is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

38. The allegations in Paragraphs 82, 83 and 84 contain legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Patel denies the allegations.

39. In response to Paragraph 85, Mr. Patel repeats his responses to all Paragraphs above as if fully set forth herein.

40. The allegations in Paragraphs 86, 87, 88, 89, 90 and 91 are not directed to Mr. Patel and Mr. Patel is therefore not required to answer those allegations. To the extent that a response is deemed required, Mr. Patel is without knowledge or

information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

41.     The allegations in Paragraphs 92 and 93 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Mr. Patel denies the allegations.

42.     In response to Paragraph 94, Mr. Patel repeats his responses to all Paragraphs above as if fully set forth herein.

43.     The allegations in Paragraphs 95 and 96 contain legal conclusions to which no response is required.  To the extent a response is deemed required, Mr. Patel denies the allegations.

44.     Denies plaintiff is entitled to the relief in the Wherefore clause (including sub-parts a through f).

45.     Mr. Patel denies each and every allegation not expressly admitted.

## AFFIRMATIVE DEFENSES

Mr. Patel sets forth below his affirmative defenses.  Each defense is asserted as to all claims against Mr. Patel.  By setting forth these affirmative defenses, Mr. Patel does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs on the Plaintiffs.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations.

## FIRST DEFENSE

46.     Plaintiffs failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

47.     Plaintiffs' claims are barred, in whole or in part, by the applicable Statute of Limitations.

## THIRD DEFENSE

48.     Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate, prevent, or avoid their alleged damages.

## FOURTH DEFENSE

49.     Any damages or injuries allegedly suffered by Plaintiffs, if any, occurred in whole or in part as a result of Plaintiffs' own actions or negligence and/or culpable conduct.

## FIFTH DEFENSE

50.     The damages and injuries alleged by Plaintiffs, if any, were caused or contributed to by the neglect, fault, culpable conduct and/or intentional actions of other individuals for whose actions, omissions, or breaches of legal duty, Mr. Patel is not liable.

## SIXTH DEFENSE

51.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, release, waiver, ratification and/or estoppel.

## SEVENTH DEFENSE

52.     Plaintiffs are barred from prosecuting this proceeding by documentary evidence.

## EIGHTH DEFENSE

53.     Plaintiffs' claims are barred by payment and acquiescence.

## NINTH DEFENSE

54.     Plaintiffs' claims are barred where they duplicate or replace another claim.

## TENTH DEFENSE

55.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not have standing to raise those claims.

## ELEVENTH DEFENSE

56.     Plaintiffs' claims are barred, in whole or in part, to the extent they conflict with applicable contract provisions.

## TWELFTH DEFENSE

57.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek damages that would constitute duplicative recovery and/or offset.

## THIRTEENTH DEFENSE

58.     Plaintiffs' claims are barred, in whole or in part, because any recovery would result in unjust enrichment to Plaintiffs.

Mr. Patel has not knowingly or intentionally waived any applicable defenses, and he reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter.  Mr. Patel reserves the right to amend or seek to amend his Answer and/or affirmative defenses.

**WHEREFORE**, Mr. Patel demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Mr. Patel the costs and disbursements of this action, plus the attorneys' fees Mr. Patel is entitled to, together with such other and further relief as the Court deems proper.

Dated:  New York, New York          PHILLIPS LYTLE LLP
       May 29, 2019


                            By: ___*/s/ Anna Mercado Clark*_____
                                 Anna Mercado Clark
                                 Alexander Barnett-Howell
                          Co-Counsel for Defendant
                          *Hemanshu Patel*
                          340 Madison Avenue, 17th Floor
                          New York, New York 10173-1922
                          Telephone No. (212) 759-4888
                          AClark@phillipslytle.com
                          ABarnett-Howell@phillipslytle.com


To:    Michael L. Anania, Esq.
        Catherine B. Altier, Esq.
        FORD MARRIN ESPOSITO WITMEYER
         & GLESER, L.L.P.
        Attorneys for Plaintiffs
        Wall Street Plaza, 16th Floor
        New York, New York 10005-1875
        Email:  manania@fordmarrin.com
               cbaltier@fordmarrin.com


Doc #05-538482

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this May 29, 2019, I caused to be electronically filed through the

NYSCEF system a true and correct copy of Defendant Hemanshu Patel's Answer to

Plaintiffs' Complaint dated May 29, 2019:

>Michael L. Anania, Esq.
>Catherine B. Altier, Esq.
>FORD MARRIN ESPOSITO WITMEYER
>  & GLESER, L.L.P.
>Attorneys for Plaintiffs
>Wall Street Plaza, 16th Floor
>New York, New York 10005-1875
>Email:  manania@fordmarrin.com
>        cbaltier@fordmarrin.com


>_/s/ Anna Mercado Clark_____
>Anna Mercado Clark, Esq.