```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FRANCO P. CERABONA, MD and           :
ANDREW MEROLA, MD,                   :
                                     :
                Plaintiffs,          :
                                     :    No. 19 – CV – 03119 (VSB)
         -v-                         :
                                     :    CASE MANAGEMENT PLAN
MEDLINK SERVICES, INC., MEDLINK      :    AND SCHEDULING ORDER
PARTNERS, LLC, AMRISH PATEL, MALA    :
PATEL and HEMANSHU PATEL             :
                                     :
                Defendants.          :
---------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

  Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. §636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all consent, the remainder of the Order need not be completed at this time.*]

2. The parties have not engaged in settlement discussions.

3. This case is to be tried to a jury.

4. Except as provided by Rule 15 of the Federal Rules of Civil Procedure, no additional parties may be joined without leave of the Court.

5. Except as provided by Rule 15 of the Federal Rules of Civil Procedure, no additional causes of action or defenses may be asserted after without leave of the Court.

6. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than August 1, 2019. [*Absent exceptional circumstances, within 14 days of the date of the parties' conference pursuant to Rule 26(f).*]

7. All fact discovery is to be completed no later than March 23, 2020. It will not be possible to complete fact discovery within a period of 120 days because there is substantial non-party discovery to be obtained from a number of insurers and third-party administrators. [*A period not to exceed 120 days unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶7 above.

    a. Initial requests for production of documents shall be served by <u>August 15, 2019</u>.

    b. Interrogatories shall be served by <u>August 15, 2019</u>.

    c. Depositions shall be completed by <u>February 13, 2020</u>.

        i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii. There is no priority for depositions by reason of a party's status as a plaintiff or a defendant.

        iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    d. Requests for admissions shall be served no later than <u>March 5, 2020</u>.

9. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by <u>June 3, 2020</u>. [*The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.*]

10. All discovery shall be completed no later than <u>June 3, 2020</u>.

11. The Court will conduct a post-discovery conference on _____ at _____. [*To be completed by the Court.*] No later than two weeks in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action. If either party contemplates filing a dispositive motion, the parties should be prepared to discuss a briefing schedule at the post-discovery conference.

12. Unless otherwise ordered by the Court, the joint pretrial order and additional submission required by Rule 6 of the Court's Individual Rules and Practices shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 30 days from the Court's decision on such motion. This case shall be trial ready 60 days from the close of discovery or from the Court's decision on any dispositive motion.

13. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a. \_\_X\_\_ Referral to a Magistrate Judge for settlement discussions.
    b. _____ Referral to the Southern District's Mediation Program. [ *Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b).* ]

    c. _____ Retention of a private mediator.

>The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

14. The parties have conferred and their present best estimate of the length of trial is <u>two to three weeks</u>.

SO ORDERED.

Dated: _____, 2019
New York, New York

_____
Vernon S. Broderick
United States District Judge