UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRANCO P. CERABONA, MD and
ANDREW MEROLA, MD,                                  :    19-CV-03119 (VSB)
                                                    :
        Plaintiffs,                                :
                                                    :    **STIPULATED PROTECTIVE**
    v.                                              :    **ORDER – INCLUDING**
                                                    :    **PROTECTED HEALTH**
MEDLINK SERVICES, INC., MEDLINK                     :    **INFORMATION**
PARTNERS, LLC, AMRISH PATEL, MALA                   :
PATEL, and HEMANSHU PATEL,                          :
                                                    :
        Defendants.                                :
-------------------------------------------------------------------X

        **IT IS HEREBY STIPULATED AND AGREED**, by and among the undersigned attorneys for the respective parties in this action, that this Stipulated Protective Order shall govern the handling of discovery of confidential information in the above-captioned action (the "Action"), including but not limited to documents, deposition testimony, deposition exhibits, answers to interrogatories, responses to requests to admit and other written, recorded or graphic matter produced by, given by or obtained from any party to this action, third party, or non-party (the "Producing Party") to any qualified persons in the action (the "Receiving Party"), including its use at trial or in any motions, appeals or any alternative dispute resolution proceedings related to the Action; such confidential information includes HIPAA-protected patient information, confidential patient information, as well as among other private and sensitive materials (collectively referred to as "Confidential Information," as defined below).

        The parties having agreed to the terms of this Stipulated Protective Order (the "Order"), and the Court having found that there is good cause for the issuance of this Order, it is hereby

**ORDERED** as follows:

1. <u>Scope</u>. This Order shall govern the handling of all Confidential Information (as hereinafter defined) disclosed in: (i) the course of or in connection with the Action by any party, third party, or non-party from whom discovery may be sought during this Action; (ii) court filings; (iii) appeals in this Action; and (iv) any alternative dispute proceedings related to this Action.

2. <u>Designation of Confidential Information</u>. Except as set forth in ¶ 5 of this Order, all Confidential Information shall be designated as such by placing on it the following legend: "**Confidential Information, S.D.N.Y. Case No. 19-CV-03119 (VSB)**" (the "Confidential Designation").

3. <u>HIPAA Compliance.</u> Any and all "Protected Health Information," as defined under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. §14.501 ("Protected Health Information"), that may be disclosed during the Action shall be automatically designated as "Confidential Information." However, the Producing Party shall nonetheless still place the Confidential Designation on these discovery materials in accordance with ¶ 2 of this Order, and these materials shall be subject to the terms of this Order, to assure the privacy and protection of such information. Further:

    a. in accordance with 45 C.F.R. §164.512(e)(1)(v), the parties and any third parties set forth in ¶ 8 of this Order are prohibited from using or disclosing Protected Health Information obtained in connection with this Action for any purpose other than this Action;

    b. this Order constitutes a qualified protective order pursuant to 45 C.F.R. §164.512(e);

       c.      Prior to disclosing or using Protected Health Information in the Action, the parties must redact the following identifiers: (i) birth date; (ii) address; (iii) telephone and fax numbers; (iv) electronic mail address; and (v) social security number.

       d.      all Protected Health Information disclosed in this Action shall be handled in accordance with this Order and returned to the Producing Party or destroyed (including all copies made) at the conclusion of this Action. The parties, witnesses, participants and observers in the Action are *prohibited from disclosing any Protected Health Information or patient-identifying information* for any purpose other than the Action or in any communication outside the Action.

4.    <u>Confidential Information.</u> "Confidential Information" as used herein shall refer to and incorporate (a) Protected Health Information; (b) any and all other patient records or records of patient care or treatment, including any patient-identifying information, whether or not designated "Confidential" in accordance with ¶ 2 of this Order; and (c) any other non-public information that a party believes, in good faith, includes personal information or confidential, commercial, proprietary business information or non-public financial data.

5.    <u>Manner of Designating Confidential Information</u>. With the exception of Protected Health Information, which shall automatically be designated as "Confidential Information" pursuant to ¶ 2 herein, other Confidential Information shall be designated as follows:

       a.      <u>Information in Documentary Form</u>. Any Producing Party shall designate documents (apart from depositions or other pretrial testimony) containing Confidential Information by affixing the "Confidential Designation" clearly on each page that contains Confidential Information. A Producing Party that makes original documents or materials


available for inspection, other than Protected Health Information, need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the documents and materials made available for inspection shall be deemed "Confidential." After the Receiving Party has identified the documents it wants copied and produced at the inspection, the Producing Party must determine which documents qualify for protection under this Order; and then, before producing the specified documents, place the Confidential Designation clearly on each page that contains Confidential Information.

      b.    <u>Testimony Given in a Deposition</u>. The party or non-party offering or sponsoring the testimony shall designate the deposition or other pretrial testimony containing Confidential Information as "Confidential" by: (i) counsel placing a statement on the record at the deposition or other pre-trial proceeding; or (ii) written notice, sent by counsel to all parties, within thirty (30) days after the receipt of a copy of the transcript, designating each page of the transcript containing Confidential Information as "Confidential." Until expiration of the thirty (30) day period, the deposition or other pretrial testimony shall be deemed "Confidential" and treated as if so designated.

      c.    <u>Information Produced in Some Form Other than Documentary</u>. A Producing Party making Confidential Information available in a form other than documentary shall affix the Confidential Designation via an indicator, such as a log or stamp, in a prominent place on the exterior of the container or containers in which the information or item is stored.

   d. The designation of any discovery materials as "Confidential" shall be governed by this Order, the Local Rules of this Court, the applicable Federal Rules of Civil Procedure, and the applicable Federal Rules of Evidence.

   e. Notwithstanding any other terms in this Protective Order, the Producing Party may redact or withhold particularly sensitive personally identifiable information or Protected Health Information designated "Confidential," the unauthorized disclosure of which could result in substantial harm to an individual. Such information may include, but is not limited to, social security numbers, passport numbers and financial account numbers.

  6. <u>Inadvertent Failure to Designate.</u> A Producing Party's failure to designate qualified information or items as "Confidential" does not operate as a waiver of the right to later designate such information or items as "Confidential." In the event a Producing Party fails to designate qualified information or items as "Confidential," the Receiving Party shall provide written notice to all parties designating the information or item as "Confidential" within ten (10) days of discovery of unmarked information or item. On timely notification of the designation, the parties must make reasonable efforts to assure that the information or items are treated in accordance with this Order.

  7. <u>Challenging Confidential Designation</u>. If a party objects to the designation of any document or testimony as Confidential Information, the party shall, in good faith, narrowly limit such efforts solely to those discovery materials for which declassification reasonably appears to be appropriate. Any party that disputes the propriety of another party's or non-party's designation of discovery material may request in writing that the Producing Party withdraw such designation, setting forth the reasons the Receiving Party believes such documentation or

information does not qualify for such designation. The Producing Party shall make a good faith determination as to whether the information at issue should be declassified and notify the Receiving Party of its determination within thirty (30) calendar days after receipt of the Receiving Party's request for declassification.  If the parties cannot resolve the dispute, and good faith negotiations prove unsuccessful, the Receiving Party may, in accordance with Local Civil Rule 37.2 and ¶ 3 of Judge Broderick's Individual Rules and Practices, apply to this Court for a ruling that the document or testimony shall not be so treated, giving notice to all other parties and any non-parties affected thereby.  Unless and until this Court enters an Order changing the designation, any documents or material so designated shall be treated as Confidential Information in accordance with this Order.

8. <u>Disclosure of Confidential Information</u>.  All Confidential Information produced by any Producing Party shall be maintained by the parties receiving the Confidential Information in confidence to be used solely for the purposes of this Action, and shall not be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part outside this Action, except as expressly permitted elsewhere in this Order, or as ordered by the Court.  The parties shall not disclose Confidential Information to any third party except as follows:

    a. named parties, counsel of record for the parties and regular employees of such counsel assisting in the conduct of this Action;

    b. witnesses or prospective witnesses from whom testimony is taken or may be taken in this Action, as well as any stenographer who has been hired to produce a transcript of any deposition taken in this Action, provided that each such witness or prospective witness has first signed a copy of the Agreement to Be Bound By Stipulated Protective Order, annexed to this Order;

    c. experts or consultants (and their necessary support personnel) retained or employed by the parties or their counsel, provided they have signed a copy

        of the Agreement to Be Bound By Stipulated Protective Order, annexed to this Order;

    d.    mediators, arbitrators, or persons moderating a form of alternative dispute resolution services to which the parties may submit their disputes in connection with this Action;

    e.    employees of litigation support vendors utilized by a party with respect to this Action, provided they have signed a copy of the Agreement to Be Bound By Stipulated Protective Order, annexed to this Order;

    f.    interpreters or translators retained by counsel for the purpose of this Action, provided they have signed a copy of the Agreement to Be Bound By Stipulated Protective Order, annexed to this Order;

    g.    any person who appears as an author or addressee on the face of the document or information;

    h.    employees of any party;

    i.    any person who in fact has already rightfully created or received the document or information in the ordinary course of business;

    j.    insurers, as necessary to comply with obligations of law or contract;

    k.    the Court, jury, or other court personnel in this Action; and

    l.    any other person only upon order of the Court or upon written stipulation of the Producing Party.

9.    <u>Unauthorized Disclosure of Confidential Information.</u>  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, that party will immediately (a) notify the Producing Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve or ensure the destruction of all copies of the Confidential Information, (c) inform the person(s) to whom unauthorized disclosures were made of the terms of this Order, and (d) if such person(s) falls within ¶ 8(b), (c), (e), or (f), request that such person(s) execute the Agreement to Be Bound

By Stipulated Protective Order, annexed to this Order, or if the person(s) do not, request that such person(s) immediately return the Confidential Information.

10.     Court Filings. Any party wishing to file any document that contains Confidential Information, including Protected Health Information and deposition testimony designated as Confidential in accordance with ¶ 5(b), must file under seal, by (a) publicly filing the Confidential Information in redacted form only; and (b) filing the set of unredacted materials or sealed documents with the Sealed Records Department of the Southern District of New York, in accordance with the Department's procedures. The Parties agree to refrain, to the greatest extent possible, from including Confidential Information in the title of the documents filed with the Court so that, in all instances, the titles of such documents—and the Court's docket reflecting those titles—may remain public.

11.     Designation Continues. Information designated or defined herein as "Confidential" shall continue to be treated as such unless and until this designation is revoked by order of a Court of competent jurisdiction. After the conclusion of this Action, the provisions of this Order shall continue to be binding until further Court order. The Court shall have exclusive jurisdiction to hear any complaint brought by any party alleging that this Order has been violated. Such complaint shall be brought by motion for appropriate relief. The Court shall also retain jurisdiction over the parties and any other person who has had access to Confidential Information, pursuant to this Order, so that the Court can continue to enforce this Order.

12.     Return of Confidential Information. Within forty-five (45) days of the conclusion or termination of the Action for any reason, including all appeals or periods of time within which an appeal could be taken, each party shall either (a) return all Confidential Information to the attorneys for the Producing Party and upon request shall certify completion of such in writing, or

(b) certify to the attorneys for the Producing Party that all such material has been destroyed. The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

13. Non-Admission. Nothing in this Order, nor any action taken in compliance with it, shall operate as an admission by any party that any particular document, testimony or information is or is not relevant or admissible. Further, nothing in this Order shall affect the admissibility or non-admissibility of documents or other evidence at trial or in connection with any motion or motion papers. Any material designated as Confidential Information may be offered into evidence, subject to such separate confidentiality provisions, if any, as the Court may direct at the time of such offer; and its admission or non-admission into evidence shall be determined by the Court independently of this Order.

14. No Preclusion. Subject to all other rules of evidence, nothing in this Order shall preclude a party from using Confidential Information produced in discovery in this Action to support its case. Nothing in this Order shall preclude a party from making further or additional discovery requests relating to matters that constitute Confidential Information, to the extent such further discovery is otherwise permissible, and subject to the rights of the opposing party to interpose such objections, if any, as may apply. Nothing in this Order shall prejudice the right of a Producing Party to petition the Court for further protection of specific discovery materials designated "Confidential." Nothing in this Order shall limit or restrict Franco P. Cerabona, MD and/or Andrew Merola, MD from using their respective patient information contained in their files or records for any and all lawful and usual medical and business purposes.

15. No Prejudice to Entry of Other Orders. This Order is without prejudice to other or different confidentiality provisions or protections that may be sought or applied for during this

Action or in connection with trial. Nothing herein shall limit a party from seeking such other confidentiality protections at trial as may be required in the circumstances.

Dated: New York, New York
July 23, 2019

**FRANCO P. CERABONA, MD and ANDREW MEROLA, MD**

_signature_
Michael L. Anania
Catherine B. Altier
**FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.**
Wall Street Plaza/16th Floor
New York, New York 10005
(212) 269-4900
*Attorneys for Plaintiffs*

**MEDLINK SERVICES, INC. and MALA PATEL**

_signature_
Wojciech Jackowski
**OFFIT KURMAN, P.A.**
10 East 40th Street
New York, New York 10016
(212) 545-1900
*Attorneys for Defendants Medlink Services, Inc. and Mala Patel*

**MEDLINK PARTNERS, LLC and AMRISH PATEL**

_signature_
Jonathan M. Cooper
**LAW OFFICES OF JONATHAN M. COOPER**
135 W. 29th Street, Suite 801
New York, New York 10001
(646) 791-6701

-and-

**HEMANSHU PATEL**

_signature_
Anna Mercado Clark
Alexander Barnett-Howell
**PHILLIPS LYTLE LLP**
340 Madison Avenue, 17th Floor
New York, New York 10173-1922
(212) 759-4888
*Attorneys for Defendant Hemanshu Patel*

**VARGHESE & ASSOCIATES**
2 Wall Street, Suite 510
New York, New York 10005
(212) 430-6469
*Attorneys for Defendants Medlink Partners, LLC and Amrish Patel*


IT IS SO ORDERED THIS \_\_\_\_ DAY OF _____, 2019

_____
Hon. Vernon S. Broderick
United States District Judge